<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAY L. THOMAS,** | Civil Action No. 11-3905 |
| **Plaintiff,** | OPINION |
| **v.** | HON. WILLIAM J. MARTINI |
| **NORTHEASTERN UNIVERSITY,** | |
| **Defendant.** | |

<u>WILLIAM J. MARTINI, U.S.D.J.</u>:

This matter comes before the Court upon Plaintiff Jay Thomas's submission of a civil complaint and an application to proceed in this action *in forma pauperis.* Based on Plaintiff's affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(e)(2), the Court has reviewed the Complaint to identify cognizable claims. For the reasons stated below Plaintiff's Complaint is **DISMISSED** for lack of subject matter jurisdiction.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a contract between Plaintiff Jay Thomas and Defendant Northeastern University ("Northeastern") regarding tuition for online classes. Plaintiff

was an online student at Northeastern.  (Compl. ¶ 16.)  The parties entered into some sort of agreement regarding Plaintiff's financial aid award for the tuition costs associated with the online classes.  (*See* Docket Entry No. 1, at 6.)  It appears that Plaintiff withdrew from Northeastern's online program on August 2, 2010.  (*Id.* at 7.)  It further appears that due to Plaintiff's withdrawal from the classes, he had an outstanding balance of $2,591.00 due to Northeastern as of April 14, 2011.  (*Id.* at 8.)  As of May 19, 2011, a debt collection agency appears to have gotten involved, and has added $863.67 in fees for a total outstanding balance of $3,454.67.  (*Id.* at 9.)  Plaintiff claims that Northeastern (1) breached the July 13, 2010 "contract," presumably meaning for financial aid; and (2) breached its fiduciary duty owed to Thomas to "calculate aid once [Plaintiff dropped] his classes."  (Compl. ¶¶ 18-20, 23-25.)

## II.   STANDARD FOR *SUA SPONTE* DISMISSAL

Under 28 U.S.C. § 1915(e), the Court is required to review a complaint in a civil action where the litigant is proceeding *in forma pauperis*. Specifically, the Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court is guided by the pleading standard set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) in determining whether to dismiss the complaint *sua sponte* for failing to state a claim upon which relief may be granted. *See, e.g., Gorbaty v. Portfolio Recovery Assocs, LLC*, 2009 WL 2222294, at *1 (D.N.J. July 21, 2009).

Under *Twombly*, dismissal is appropriate where  the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face."  550 U.S. at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  While the Court is mindful that a *pro se* pleading must be construed liberally in favor of the plaintiff, *see Erickson v. Pardis*, 551 U.S. 89, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), the factual allegations must still be sufficient to raise a plaintiff's right to relief above a speculative level, *see Twombly*, 550 U.S. at 570, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  Furthermore, the Plaintiff must "provide the 'grounds' of his 'entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.


III.   DISCUSSION

Plaintiff's two-count complaint asserts the following claims: (1) breach of contract, and (2) breach of fiduciary duty.  Since these are both state law claims, this

Court can only exercise jurisdiction under 28 U.S.C. § 1332, which provides jurisdiction where the controversy is between "[c]itizens of different States," and the amount in controversy exceeds $75,000.  Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, and claims compensatory damages of $75,000, "statutory damages for humiliation and emotional distress," punitive damages where permitted, and "special damages."  (Compl. ¶¶ 26-29.)  However, though the damages claimed by a plaintiff control if his claims are made in good faith, dismissal is warranted in diversity actions where it is apparent to a "legal certainty" from the face of the pleadings that the plaintiff cannot recover the amount claimed.  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999).  Whether the claims are for less than the jurisdictional amount depends on what damages a plaintiff could conceivably recover under state law.  *Suber v. Chrysler Corp.*, 104 F.3d 578, 584 (3d Cir. 1997).  When punitive damages are recoverable, they are properly considered in determining whether the jurisdictional amount has been satisfied, *see Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993), but when a claim for punitive damages is frivolous, "such damages are unavailable as a matter of law" and "that claim must be stricken from the amount in controversy," *id.*

Plaintiff first claims compensatory damages of "not less than $75,000."  However, the attachments included in his Complaint make clear that the amount at issue is, at most,

$3,454.67.[1]  Plaintiff further asks for damages for "humiliation and emotional distress."

Yet such emotional distress damages are only available under New Jersey law where the

breach of contract was "both intentional and outrageous and proximately cause[d] severe,

foreseeable emotional distress."  *See Picogna v. Bd. of Educ.*, 143 N.J. 391, 671 A.2d

1035, 1037 (N.J. 1996).  The "conduct must be so outrageous in character, and so extreme

in degree, as to go beyond all possible bounds of decency, and to be regarded as

atrocious, and utterly intolerable in a civilized community."  *Buckley v. Trenton Saving*

*Fund Soc'y*, 111 N.J. 355, 544 A.2d 857, 863 (N.J. 1988) (quoting Restatement (Second)

of Torts, § 46).  Plaintiff has clearly failed to allege such "outrageous" or "extreme"

conduct in his Complaint.  Finally, Plaintiff further alleges punitive damages.  Though

punitive damages are not available for breach of contract claims under New Jersey law,

*Kurnik v. Cooper Health System*, 2008 WL 2829963, at *15-*17 (N.J. Super. A.D. July

24, 2008), they are available in some circumstances for breach of fiduciary duty claims.

As such, this Court's subject matter jurisdiction depends on whether or not Plaintiff's

breach of fiduciary duty claim can withstand *sua sponte* dismissal pursuant to 28 U.S.C. §

1915(e)(2).

    In order for a fiduciary duty to exist, there must be a "special relationship of trust

and confidence" between the parties.  *Trianco, LLC v. IBM*, 271 Fed. Appx. 198, 203 (3d

Cir. 2008).  In order to properly plead a breach of fiduciary duty under New Jersey law,

---

[1] And, since that includes the collection agency fees, it is more likely that the amount in
controversy here is just the $2,591.00 that Northeastern is attempting to collect for tuition.

Plaintiff must allege: (1) a relationship between two persons where "one person is under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship;" and (2) a "violation of that trust." *F.G. v. MacDonell*, 150 N.J. 550, 563-65, 696 A.2d 697 (1997). An "ordinary commercial transaction based in contract" does not give rise to a fiduciary duty. *Wingate Inns, Int'l, Inc. v. HighTech Inn.com, LLC*, Civ. No. 07-5014, 2009 WL 5216978, at *6 (D.N.J. Dec. 29, 2009). Additionally, insofar as Plaintiff was attempting to stake a fiduciary duty in the relationship between Northeastern and Plaintiff due to Plaintiff's student loans, New Jersey courts have "universally embraced" the presumption that "there is no fiduciary duty between a borrower and a lender." *Santone-Galayda v. Wachovia Mortg., FSB*, Civ. No. 10-1065, 2010 U.S. Dist. LEXIS 135496, at *47 (D.N.J. Dec. 22, 2010).

Here, Plaintiff's conclusory statements that Defendant "breached its fiduciary duty to Thomas by not processing federal student aid," and that Defendant "owed a fiduciary duty to Thomas to calculate aid once [Plaintiff dropped] his classes" do not amount to stating a claim of a breach of fiduciary duty. (Compl. ¶¶ 24-25.) Since Plaintiff has failed to state a breach of fiduciary duty claim, the Court finds that this Count must be dismissed pursuant to 28 U.S.C. § 1915(e)(2). As such, Plaintiff no longer has a claim supporting a demand for punitive damages, and Plaintiff's claimed compensatory damages, $3,454.67 at most, come nowhere near the $75,000 threshold. Therefore, the

6

Court can discern no basis for asserting jurisdiction over this action.[2]


## III.    CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The Court will also dismiss Thomas's complaint for lack of subject matter jurisdiction.  An Order accompanies this Opinion.


/s/ William J. Martini
**William J. Martini, U.S.D.J.**

**Date: July 27, 2011**

---

[2] To the extent any supplemental jurisdiction would have been available, the Court declines to exercise it.  *See* 28 U.S.C. § 1367(c)(3) (allowing district courts to decline exercising supplemental jurisdiction where all claims over which the court has original jurisdiction have been dismissed).